UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS COURT
. OF MASS.

| | | |
|---|---|---|
| WILNER BENJAMIN, | ) | |
| | ) | |
| Petitioner | ) | 2004 JAN 26 P 4: 10 |
| | ) | Civil Action No. |
| v. | ) | 03cv12481-MEL |
| | ) | |
| JOSEPH F. MCDONOUGH, ET AL. | ) | |
| | ) | |
| | ) | |
| Respondent | ) | |

RETURN AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

## SUMMARY CASE STATEMENT

Petitioner is a native and citizen of Haiti presently detained by respondent Bureau of Immigration and Customs Enforcement ("respondent", "ICE")[1] pending execution of his final order of removal. His petition to this Court asserts prolonged post-order detention, presumably in contravention of the Supreme Court's rule in Zadvydas v. Davis, 121 S. Ct. 2491 (2001).

Petitioner does not challenge the validity or enforceability of his final order of removal, but only his continuing detention, in that he says: "If my travel documents cannot be submitted in the near foreseeable future, I do not think I should remain in custody indefinitely." Petition, p.3.

However, because petitioner's removal has now been scheduled

---

[1] As of a DHS restructuring effective June 9, 2003, the responsive successor official of the Department of Homeland Security having control of petitioner's custody in the instant action is Bruce Chadbourne, Interim Field Director for Detention and Removal, Bureau of Immigration and Customs Enforcement in Boston, Massachusetts.

for **February 9, 2004,** removal is now "reasonably foreseeable" as required by the Supreme Court in Zadvydas, and the case should be dismissed for failure to state a claim upon which relief may be granted. See Declaration of Supervisory Enforcement Agent Alan Greenbaum, Attachment A.

**ARGUMENT**

I.    BECAUSE PETITIONER'S REMOVAL IS NOW SCHEDULED TO OCCUR ON **FEBRUARY 9, 2004,** THE PETITION FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Petitioner challenges no aspect of his order of removal, nor the enforceability of it. Rather, he essentially complains that "the D.H.S. is not able to remove me. The Haitian Consulate is not submitting my travel documents to D.H.S." Petition, p.2.

However, petitioner had in fact been previously scheduled for removal to Haiti on January 12, 2004, but removal was canceled due to a problematic medical X-ray of petitioner that prevented his boarding the Flight as scheduled, due to the issue of contagious disease. The Public Health Service has authorized a scheduled follow-up imaging for petitioner on January 29, 2004, and petitioner's **removal is now scheduled for February 9, 2004,** assuming no further medical issues. See Attachment A.

Because petitioner's removal is now scheduled for a date less than three weeks from now (**February 9, 2004**), petitioner fails to state a colorable claim of unlawful detention. The Supreme Court in Zadvydas v. Davis, 121 S. Ct. 2491 (2001)

recognized six months as a presumptively reasonable period of detention within which to allow the government to accomplish an alien's removal, and said that, "for the sake of uniform administration in the federal courts, we recognize that period". Id. at 2505.  The Court further held:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months.  To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Zadvydas v. Davis, et al., 121 S. Ct. at 2505 (emphasis added).

In Akinwale v. Ashcroft, et al., 287 F.3d 1050 (11th Cir. 2002), the Eleventh Circuit held that six months post-final order detention must have elapsed before the filing of a habeas petition, and that, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 1052 (emphasis added).

In Lema v. USINS, 214 F.Supp.2d 1116, 1118 (W.D. Wash. 2002), even where post-order detention had exceeded six months, the district court explained that:

The mere fact that six months has passed since
petitioner was taken into INS custody does not satisfy
his burden.  While an alien's detention will no longer
be presumed to be reasonable after six months, there is
nothing in Zadvydas which suggests that the Court must
or even should assume that any detention exceeding that
length of time is unreasonable.  Rather, the passage of
time is simply the first step in the analysis.
Petitioner must then provide "good reason to believe
that there is no significant likelihood of removal in
the reasonably foreseeable future."

In the instant case, the necessary travel documents have now

been received, and petitioner is now scheduled for removal on

**February 9, 2004.** Accordingly, there is necessarily a

"significant likelihood of removal in the reasonably foreseeable

future", and the petition fails to state a claim upon which

relief may be granted.

Respondent also hereby provides the Court advance notice of

petitioner's deportation scheduled for **February 9, 2004.**

### CONCLUSION

For all the reasons set out above, the petition should be

dismissed and all other relief denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:      _____
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114
(617) 565-2415