UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILNER BENJAMIN,
          Petitioner,

v.

JOSEPH McDONOUGH,
          Respondent.

CIVIL ACTION
NO. 03-12481-MEL

## MEMORANDUM AND ORDER OF DISMISSAL

LASKER, D. J.

For the reasons stated below, this habeas petition is dismissed without prejudice.

### BACKGROUND

On December 8, 2003, petitioner Wilner Benjamin, an immigration detainee currently being held at the Plymouth County Correctional Facility, filed a petition for a writ of habeas corpus under Section 2241 and an application to waive the $5 filing fee. In an order dated December 10, 2003, I granted petitioner's fee waiver application and directed the clerk to serve the petition on the Respondent.

Benjamin, a native of Haiti, contends that he was ordered removed on October 31, 2002 because of an aggravated felony conviction and that his Board of Immigration Appeal ("BIA") was denied in November 2002. Petition, p. 1-2. He contends that the Department of Homeland Security has requested travel documents from the Haitian consulate but has received no response, and that in June 2003, he was informed that his custody status had been reviewed and that he would not be released. Id. p. 2. Benjamin asserts that his continued detention is unlawful under Zadvydas v. Davis, 533 U.S. 678 (2001). Id. at 2-3.

On January 23, 2004, counsel for Respondent filed a notice of intent to execute petitioner's final order of removal on February 9, 2004, and a motion to dismiss the petition. In a declaration attached to the motion, an enforcement agent asserts that Benjamin was initially scheduled for removal on January 12, 2004, but because medical

tests were inconclusive about whether Benjamin had tuberculosis, his removal was rescheduled to February 9. Motion, Attachment A, p. 2.

## ANALYSIS

Section 1231 of title 8 provides that the Attorney General shall remove aliens who have been ordered removed within 90 days, and that he may detain the alien during this "removal period." 8 U.S.C. § 1231(a)(1)(2). Section 1231 also provides that if removal is not effected within 90 days, an alien may be released under the supervision of the Attorney General, but that certain classes of aliens, including those convicted of certain crimes, may continue to be detained after the 90-day removal period. Id. § 1231(a)(3), (6).

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that under the Due Process clause, where an alien has been detained for a post-removal period of six-months pursuant to the provisions of 8 U.S.C. § 1231(a)(6) and provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. Id. 533 U.S. at 701. If a habeas court determines that removal is not "reasonably foreseeable," then it should order the alien released from custody, subject to conditions of supervised release "appropriate in the circumstances." Id. at 699-700.

Under this formulation, where removal is imminent, due process is not implicated because there is significant likelihood of removal in the "reasonably foreseeable" future, and an alien has failed to state a Zadvydas claim for relief. Wang v. Ashcroft, 320 F.3d 130, 145 (2d Cir. 2003). Here, petitioner's removal appears to be imminent. Thus, this petition for a writ of habeas corpus must be dismissed. See Wang, 320 F.3d at 145. However, this dismissal is without prejudice to its re-filing by petitioner if his removal is not effected as planned.

2

## CONCLUSION

ACCORDINGLY, this habeas petition will be dismissed without prejudice for the reasons stated above.

SO ORDERED.

1/29/04
DATE

/s/ Morris E. Lasker
UNITED STATES DISTRICT JUDGE