UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WILNER BENJAMIN
A# 45 482 136

PETITIONER,

V.

JOSEPH F. McDONOUGH, ET AL.

RESPONDENT

CIVIL ACTION NO.
03 CV 12481 - MEL

RETURN AND MEMORANDUM IN SUPPORT OF MOTION TO GRANT

My Summary of Case Statement.

I, WILNER BENJAMIN, will not denie that I am a native and citizen of HAITI presentely being detained by Respondent BUREAU OF IMMIGRATION and CUSTOMS ENFORCEMENT ("RESPONDENT", "ICE") However, Respondent fails to clear for the court that Petitioner was odered deported since JUNE 3, 2003. the Petition was to aknowledge the District Court that Respondent was prolonging tediously in my case. Presumably, the Petition was like a dose of caffeine to get Respondent back on my case, and thanks to the District Court it worked like a charm.

I do challenge every aspect of my Final Order of Removal and I also enforce it.
I say: "I fully cooporated with the Bureaus." Petition P.3.
IN JANUARY OF 2002, Respondent sent an INS agent to interview me at the South Bay cont. P2

Correctional Facility while I was still serving my sentence, I provided him with every bit of information so D.H.S could go trough with my removal with no problems. A visit I received on two ocasions, therefore if Respondent needed any more informations, all they had to do was contact me at the Plymouth County. It wasn't like I ditched them and they didn't know where to find me.

I still stand behind the statement where I say: "If my travel documents cannot be submitted in the near foreseeable future, I don't think I should be forced to remain in custody." Petition p. 3. I should be released to my house in Boston until the final order of my removal is completed. When I say relief, that's what I mean, Respondent seams to believe that I'm asking the district court for a second chance to remain in the country.

Respondent completely neglected to understand the basis of my petition. I was only trying to get out of Jail and still am trying.

Now that my Removal has been scheduled for February 9, 2004, my petition should stand until my removal is executed.

## ARGUMENT

Unless I developped that contogious disease while in the custody of Respondent, my problematic medical x-ray should not be the reason why Respondent is still keeping me in confinement. On the contrary I should be release to get proper medical treatment since nothing is being done here. They should know that I took a chest x-ray and TB shot at the South Bay Correctional Facility where I served my sentence, and I took one here at the Plymouth County 16 months ago when I first arrived at the facility. All those records where available to ~~(argon)~~ Respondent. My records

should not be difficult for ~~someone~~ respondent to obtain. Therefore, bringing this matter up at the last moment is not moderately good on my part.

However, I had in fact been previously scheduled for removal on January 12, 2004. Unfortunately, for not such good reasons my removal was canceled. My problematic chest x-ray shouldn't be the reason why I am not being removed. Respondent is negligent for not looking into that matter previously, respondent had sufficient time to straighten the situation. Hence, if I am not removed as scheduled on February 9, 2004, respondent should not be given another chance to hold me in custody, wether it is a medical matter or not. Third strike they should be out.
And any further causes to disturb this arrangement should be dismissed by the court and any more time spend in this facility or any other facilities should be considered illigal.
I was odered removed on June 3, 2003. 9 months waiting after being odered deported is not considered presumptively reasonable period of detention.

### Argument

Respondent now have proper travel documents, and a date of removal has been scheduled. Any further question or situation that presents uncertainty or difficulty should be admitted as a good enough reason to believe that there is no significant likelyhood of removal in the reasonably foreseeable future and I should be released until the situation is straighting out.

My petition was mailed to the district court on the sixth going on seventh month of detention, and I can understand when the court explains: that the mere

Fact that six months has passed since petitioner was taken in custody does not satisfy the burden. But however, Respondent never gave me a good enough reason why I am still in custody. My crime was not violent nor was it drug related and it is my first time being in INS custody.

Respondent seems to believe that the sole purpose of my petition was to seek relief, meaning asking for a second chance to remain in the U.S. Respondent should know better that, because if that was the case I would have a legal counsel by my side. My removal case is beatable and Respondent knows it. If you look on page "4" of my petition, there'll a list of administratives in the Boston and Washington area that I have contacted by mail requesting release until my final order of removal. In those letters, I even offered my assistance in trying to obtain the travel documents. Unfortunately they have not requested any help, all the letters went unanswered.

My petition was only to aknowledge Respondent that I'm still in his custody, just in case they had forgotten about me. I wanted to communicate with them, and the petition seemed to have worked. On thursday January 22, 2004 an INS agent came to the Plymouth county to talk to me. He clarified that the reason 'I'm still in custody' was because of some medical issues they are trying to straighten out. If everything goes as plan, I should be leaving by February 2nd, 2004, but if everything don't go as plan it should on March 2, 2004, which of course I strongly disagreed with and wich is also a completely different story from Special assistant U.S Attorney, Frank Crowley. The agent also clarified that since my crime was not an aggravated felony, I would go back to Haiti

without being escorted by an agent. Wether his delibarations were false or not I wouldn't know, but that's what he quoted.

However, if agent's second statement is true, it means Respondent kept me in custody for no other reason but for the fact that I am not being represented by a counsel. I could not defend myself.

### Conclusion

For the reasons set out above, my petition should still stand until I am removed from the country. And if any problems occur to halt my removal on the scheduled date, the District Court should release me until another date is set.

I, Wilner Benjamin, hereby declare all the above to be true.

Respectfully Submitted.

January 23, 2004

Wilner Benjamin



# Plymouth County Correctional Facility

Account #: 33463
Account Name: BENJAMIN, WILNER
Account Type: I   INMATE CANTEEN ACCOUNTS
SSN: 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   Indigent: No

FILED
CLERK'S OFFICE

JAN 28 P 3:35

DISTRICT COURT
DISTRICT OF MASS.

## Account History Report

| Post. Date | Post. Time | Type | Trans. # | Ref. # | From/To | Amount | Balance | Booking # | Batch ID |
|---|---|---|---|---|---|---|---|---|---|
| 2003/02/28 | | WDCA | 1140526 | 315172 | Integent | $0.00 | $0.00 | 210450 | 02/28/2003 |
| 2003/02/28 | | WDCA | 1140516 | 315164 | Integent | $0.00 | $0.00 | 210450 | 02/28/2003 |
| 2002/11/07 | 15:17 | WDCA | 1097299 | 446215 | Integent | $0.00 | $0.00 | 210450 | 11/07/2002 |

I support of this motion, I enclose this account History Report.

January 23, 2004

Wilner Benjamin

Thank you.

Printed: 11/14/2003   14:24   Page: 1